UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x

MICHAEL GREENE,

                          Plaintiff,

            -against-

CITY OF NEW YORK, EMORY McCLANEY, and JOHN and JANE DOES 1-5,

                        Defendants.

------------------------------------------------------ x

<u>ANSWER</u>
<u>JURY TRIAL DEMANDED</u>

19 CV 873 (ARR)(RER)

        Defendants City of New York and Emory McClaney, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the complaint, dated February 13, 2019, respectfully allege as follows:

        1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York, that it maintains a police department, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and its police department.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that on March 24, 2017 Emory McClaney was employed by the City of New York as a New York City police officer, and that plaintiff purports to sue him in his individual capacity.

        4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to sue

the Doe defendants in their individual capacities.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff was inside of 79 North Oxford Walk on the morning of March 24, 2017.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff was inside of 79 North Oxford Walk on the morning of March 24, 2017.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Emory McClaney entered 79 North Oxford Walk on the morning of March 24, 2017.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was arrested and deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to C.S. and M.G.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was handcuffed and deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to C.S.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff was transported to a police station where police officers processed plaintiff's arrest, and deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to C.S.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff was transported to Central Booking and arraigned on March 25, 2017.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint as they pertain to C.S.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff was charged, among other offenses, with possession of a weapon, controlled substance, and marijuana.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint, except admit that bail was set.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint, except admit that some of the arrest charges were felonies and plaintiff was not indicted as a result of the arrest at issue in this lawsuit.

31. Deny the allegations set forth in paragraph "31" of the complaint, except admit that the charges were dismissed on July 24, 2017.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses in the previous paragraphs as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses in the previous paragraphs as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in the second paragraph "31" of the complaint.

44. Deny the allegations set forth in paragraph "43" of the complaint.

45. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses in the previous paragraphs as if fully set forth herein.

46. Deny the allegations set forth in paragraph "45" of the complaint.

47. Deny the allegations set forth in paragraph "46" of the complaint.

48. Deny the allegations set forth in paragraph "47" of the complaint.

49. Deny the allegations set forth in paragraph "70" of the complaint.

50. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses in the previous paragraphs as if fully set forth herein.

51. Deny the allegations set forth in paragraph "49" of the complaint.

52. Deny the allegations set forth in paragraph "50" of the complaint.

53. Deny the allegations set forth in paragraph "51" of the complaint.

54. Deny the allegations set forth in paragraph "52" of the complaint.

55. Deny the allegations set forth in paragraph "53" of the complaint.

56. Deny the allegations set forth in paragraph "54" of the complaint.

57. Deny the allegations set forth in paragraph "55" of the complaint.

58. Deny the allegations set forth in paragraph "56" of the complaint.

59. Deny the allegations set forth in paragraph "57" of the complaint.

60. Deny the allegations set forth in paragraph "58" of the complaint, and respectfully refer the Court to the case cited therein for a full recitation of its contents.

61. Deny the allegations set forth in paragraph "59" of the complaint, and respectfully refer the Court to the case cited therein for a full recitation of its contents.

62. Deny the allegations set forth in paragraph "60" of the complaint, and respectfully refer the Court to the case cited therein for a full recitation of its contents.

63. Deny the allegations set forth in paragraph "61" of the complaint, and respectfully refer the Court to the article cited therein for a full recitation of its contents.

64. Deny the allegations set forth in paragraph "62" of the complaint.

65. Deny the allegations set forth in paragraph "63" of the complaint.

66. Deny the allegations set forth in paragraph "64" of the complaint.

67. Deny the allegations set forth in paragraph "65" of the complaint.

## FIRST AFFIRMATIVE DEFENSE

68. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

69. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

70. The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, is entitled to qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

71. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

## FIFTH AFFIRMATIVE DEFENSE

72. There was probable cause to arrest plaintiff.

WHEREFORE, defendants City of New York and Emory McClaney demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED: New York, New York
May 13, 2019

Respectfully submitted,

ZACHARY W. CARTER, ESQ.
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York and Emory McClaney*
100 Church Street, 3rd Floor
New York, New York 10007
Tel.: (212) 356-5044
Fax: (212) 356-3509
carko@law.nyc.gov

By: ___/s/_____
Christopher G. Arko, Esq.

To: Michael Lumer, Esq. *(via ECF)*
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL GREENE,

                                                    Plaintiff,

-against-

CITY OF NEW YORK, EMORY McCLANEY, and JOHN and JANE DOES 1-5,

                                                    Defendants.

**DEFENDANTS CITY OF NEW YORK AND EMORY MCCLANEY'S ANSWER TO THE COMPLAINT**

**ZACHARY W. CARTER**

Corporation Counsel of the City of New York
*Attorney for Defendants City of New York and Emory McClaney*
100 Church Street, 3rd floor
New York, N.Y. 10007
Of Counsel: Christopher G. Arko
Tel: (212) 356-5044

*Due and timely service is hereby admitted.*

*New York, N.Y. .................................... , 2019 . . .*

*....................................................................... Esq.*

*Attorney for ...........................................................*