# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 19-CV-873 (ARR) (RER)

---

MICHAEL GREENE,

Plaintiff,

VERSUS

CITY OF NEW YORK ET AL.,

Defendants.

---

**Report & Recommendation**
April 23, 2020

---

TO THE HONORABLE ALLYNE R. ROSS
SENIOR UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

On February 14, 2019, Michael Greene ("Plaintiff") brought this 42 U.S.C. § 1983 civil rights action against the City of New York and several named and unnamed officers of the New York Police Department (collectively, "Defendants"). (Dkt. No. 1 ("Compl.")). After Plaintiff's Counsel withdrew as attorney, Plaintiff proceeded *pro se*. Despite four separate warnings that failure to appear at scheduled conferences would result in a report recommending dismissal of his case, Plaintiff failed to appear at three consecutive conferences. Therefore, I respectfully recommend *sua sponte* that the Court dismiss without prejudice Plaintiff's action for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41 ("Rule 41").

## BACKGROUND

Plaintiff brought this § 1983 action against the individual defendants for false arrest, denial of a fair trial, and malicious prosecution. (*See* Compl. ¶¶ 33–47). Plaintiff also asserts these claims against Defendant City of New York under *Monell v. Dep't of Soc. Services of New York*, 436 U.S. 658 (1978). (*Id.* ¶¶ 48–65). On May 13, 2019, Defendants filed an Answer, (Dkt No. 11), and the case proceeded to discovery. On September 24, 2019, Plaintiff's Counsel filed a motion to withdraw as attorney, (Dkt. No. 13), which was granted shortly thereafter. (Order dated 9/26/2019). Plaintiff was ordered to have substitute counsel file a notice of appearance by October 28, 2019 or proceed *pro se*. (*Id.*). Plaintiff's Counsel mailed a copy of the order to Plaintiff and "spoke personally with [Plaintiff] . . . to explain the practical and procedural consequences of the order and his obligations thereunder." (Dkt. No. 15). No substitute counsel filed a notice of appearance and Plaintiff has since proceeded *pro se*.

Since proceeding *pro se*, Plaintiff failed to appear at any conferences or hearings. On December 12, 2019, Plaintiff failed to appear for a scheduled status conference. (*See* Minute Entry dated 12/12/2020). The status conference was rescheduled for January 30, 2020 and Plaintiff was warned that failure to appear at the January conference could result in a report recommending the case be dismissed for failure to prosecute and failure to comply with a court order. (*Id.*). Copies of the minute entry were served on Plaintiff by Defendants as well as mailed to him via Federal Express. (Dkt. No. 22; (Court only) ***Copy of Documents Mailed dated 12/13/2019).

On January 30, 2020, Plaintiff again failed to appear for the scheduled status conference and was again warned that failure to appear would result in a report recommending the case be dismissed for failure to prosecute and failure to comply with a court order. (Minute Entry dated 1/30/2020). On January 31, 2020, Defense Counsel filed a letter with the Court noting that he

received a voicemail from Plaintiff "stating that he was incarcerated" during the time of the January 30th status conference and was not released until approximately 2:00 a.m. on January 31, 2020. (Dkt. No. 23). In response, the Court ordered Plaintiff to submit documentary proof of his arrest and incarceration during the time of the status conference by February 14, 2020. (Order dated 1/31/2020). Plaintiff was warned that failure to provide such proof would result in a report recommending the case be dismissed for failure to prosecute and failure to follow a court order. (*Id.*). The Order was mailed to Plaintiff via First Class and Certified Mail. ((Court only) ***Copy of Documents Mailed dated 1/31/2020).

Although Plaintiff failed to provide proof of his arrest and incarceration, the Court issued an order scheduling a third status conference. (Order dated 3/3/2020). The scheduling order again warned Plaintiff that failure to appear would result in a report recommending the case be dismissed for failure to prosecute. (*Id.*). The scheduling order was served on Plaintiff by Defendants and mailed to him via Federal Express and Certified Mail. (Dkt. No. 25; (Court only) ***Copy of Documents Mailed dated 3/4/2020).

Due to the COVID-19 pandemic, the Court rescheduled the status conference and converted it to a telephone conference. (Dkt. No. 26). A copy of the rescheduling order was mailed to Plaintiff on March 25, 2020. ((Court only) ***Copy of Documents Mailed dated 3/24/2020). On April 14, 2020, Plaintiff again failed to appear at the scheduled telephone conference. (Minute Entry dated 4/15/2020). At the telephone conference, the Court noted it would issue a report recommending the case be dismissed. (*Id.*). A copy of the minute entry was mailed to Plaintiff via First Class Mail on April 15, 2020 and via Certified Mail on April 20, 2020. ((Court only) ***Copy of Documents Mailed dated 4/20/2020).

## DISCUSSION

Under Rule 41(b), the District Court has discretion to dismiss a case *sua sponte* for failure to prosecute or failure to comply with a court order. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). "The primary rationale underlying a dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). This case falls squarely within that rationale. Despite receiving four warnings that a report recommending dismissal would be issued if Plaintiff failed to appear or failed to provide proof of his excuse for failing to appear, Plaintiff did not attend three consecutive scheduled conferences. Plaintiff has not contacted the Court nor advanced the case in any way since proceeding *pro se*.

When considering a dismissal for failure to prosecute or comply with a court order under Rule 41(b), the court applies a balancing test, weighing five factors: "'(1) the duration of plaintiff's failure . . ., (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudice by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptise v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The first factor considers two questions: "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). The first question "is simply whether or not the delay was caused by plaintiff's side as a whole." *Id.* Here, the failures were those of

Plaintiff alone.[1] Plaintiff failed to appear at scheduled conferences three consecutive times while Defendants continued to come prepared. (Minute Entry dated 12/12/2019; Minute Entry dated 1/30/2020; Minute Entry dated 4/15/2020).

It has been approximately five months since Plaintiff failed to appear at a scheduled conference for the first time and since the Court issued its first warning that continued failure to appear would result in a recommendation of dismissal. (*See* Order dated 12/12/2019). "[T]here is no fixed time after which a delay becomes 'unreasonable.'" *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 351 (S.D.N.Y. 2005). "A brief period of delay, calculated in days or weeks, typically does not warrant dismissal." *Chavis v. City of New York*, No. 17 Civ. 9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted by* 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018). Delays of five months or less have resulted in dismissal by courts in the Second Circuit. *See, e.g., id.* (finding a delay of four months warranted dismissal); *Folk v. Barton*, No. 15 Civ. 6443 (AJN) (JCF), 2016 WL 8993874 (S.D.N.Y. Dec. 2, 2016) (finding a delay of three months warranted dismissal), *report and recommendation adopted by* 2017 WL 2191620 (S.D.N.Y. May 17, 2017); *Kent v. Scamardella*, No. 07 Civ. 844 (SHS), 2007 WL 3085438 (S.D.N.Y. Oct. 18, 2007) (finding delay of three months warranted dismissal). Even "a 'short delay' by the plaintiff may 'still properly result in dismissal if plaintiff ha[s] willfully failed to comply with multiple court orders' during the course of the action." *Feurtado v. City of New York*, 225 F.R.D. 474, 479 (S.D.N.Y. 2004) (quoting *Graham v. Sullivan*, No. 86 Civ. 0163 (WK), 1999 WL 1006181, at *2 (S.D.N.Y. Nov. 5, 1999).

---

[1] Five days of the delay can be allocated to the Court's conversion of the April 9, 2020 status conference to a telephone conference on April 14, 2020 due to the COVID-19 pandemic. (*See* Dkt. No. 26).

And while "[i]n this Circuit, otherwise lengthy delays may not be dismissed where a plaintiff has a reasonable excuse for the delays," that is not the case here. *Europacific Asset Mgmt. Corp.*, 233 F.R.D. at 351. While Plaintiff has offered an excuse for his absence from one of the three missed conferences, he did so only to Defense Counsel, not to the Court, and when asked to provide proof of his excuse to the Court, failed to do so. Thus, the five-month delay paired with willful failure to appear at scheduled conferences or adhere to the Court's order to provide proof of a valid excuse weighs in favor of dismissal.

The second factor considers whether Plaintiff received notice that his failure to appear and failure to comply with a court order would result in dismissal. *Drake*, 375 F.3d at 255. Here, Plaintiff received such notice and was provided "clear guidance on how [he] could avoid dismissal." *Baptise*, 768 F.3d at 218. Plaintiff was warned four separate times that continued failure to appear at conferences would result in a recommendation to the District Judge that his action be dismissed. (Order dated 12/12/2019; Order dated 1/30/2020; Order dated 1/31/2020; Order dated 3/3/2020). Each warning was mailed to him[2] and some warnings were served on him by Defendants. The four warnings are more than enough notice in the Second Circuit and weighs in favor of dismissal. *See, e.g., Chavis*, 2018 WL 6532865, at *4 (finding two warnings from the court sufficient to warrant dismissal); *Wade v. County of Nassau*, No. 13-CV-4986 (ADS) (AKT), 2016 WL 8653492 (E.D.N.Y. Jan. 21, 2016) (finding three warnings from the court sufficient to warrant dismissal); *Feurtado*, 225 F.R.D. at 479 (finding two warnings from the court sufficient to warrant dismissal).

---

[2] No mail sent by the Court to Plaintiff was returned as undeliverable.

The third factor considers whether and what prejudice defendants suffer due to Plaintiff's delay. "Prejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp.*, 682 F.2d at 43. Even so, here, Defendants' suffer prejudice in the form of wasted time and resources in preparing for and attending scheduled conferences to no avail due to Plaintiff's failure to appear. Thus, the third factor weighs in favor of dismissal.

The fourth factor considers the court's own interest in managing its docket. "Courts look at whether a litigant has been given an opportunity 'to be heard on the issue of failure to prosecute' and courts also consider the plaintiff's 'interest in prosecuting her case.'" *Bilal v. City of New York*, No. 17-CV-4498 (NGG) (SLT), 2020 WL 1698600, at *4 (E.D.N.Y. Apr. 8, 2020) (citations omitted) (adopting report and recommendation). Here, Plaintiff was given ample opportunity to argue against dismissal but has failed to do so. Further, "dismissing the case without prejudice adequately strikes the balance between the Court's need to 'manage efficiently a congested docket' and the 'the plaintiff's right to due process.'" *Chavis*, 2018 WL 6532865, at *4 (quoting *Jackson v. City of New York*, 22 F.3d 71, 76 (2d Cir. 1994)).[3]

Finally, the fifth factor considers whether sanctions other than dismissal would suffice. Here, no other sanctions are available. The Court cannot proceed without the participation of Plaintiff. *See, e.g., Kent*, 2007 WL 3085438, at *2 (finding dismissal warranted where "the delay . . . has functioned as a complete block to moving this litigation forward, despite the efforts of defendants and the Court to do so"). Plaintiff's inaction in the face of four warnings that his case may be dismissed suggests that lesser sanctions will not suffice. *See, e.g., Drummond v. Suazo*, No. 15-CV-7092 (WFK) (VMS), 2018 WL 7141871, at *4 (E.D.N.Y. Dec. 11, 2018) (finding "[a]

---

[3] Although some of Plaintiff's claims may now be time-barred, others are still arguably outside the three-year statute of limitations period for § 1983 claims. *See, e.g., Houston v. Cotter*, 7 F. Supp. 3d 283, 291–94 (E.D.N.Y. 2014).

lesser sanction is unlikely to persuade Plaintiff to participate as he has already been informed that his failure to participate may lead to the dismissal of his action, but he has not responded"), *report and recommendation adopted by* 2019 WL 367849 (E.D.N.Y. Jan. 30, 2019); *Europacific Asset Mgmt. Corp.*, 233 F.R.D. at 355 (finding dismissal appropriate where "prior warning of dismissal and admonishment of plaintiff's counsel for his series of failures to attend pre-trial conferences and advance his client's claims have been ineffective in motivating him to change his ways").

"When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp.*, 682 F.2d at 43 (quoting Fed. R. Civ. P. 41(b)). Given Plaintiff's *pro se* status, I respectfully recommend that this case be dismissed without prejudice. *See Lucas v. Miles*, 84 F.3d 532 (2d Cir. 1996); *see also Dinkins v. Ponte*, No. 15 Civ. 6304 (PAE) (JCF), 2016 WL 4030919, at *4 (S.D.N.Y. July 26, 2016) (adopting report and recommendation).

## CONCLUSION

For the reasons set forth above, I respectfully recommend that this action be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute and failure to comply with a court order. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Allyne R. Ross within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge
Dated: April 23, 2020
Brooklyn, New York